UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SGT. MARIE ROTHER

              Plaintiff,

-against-

THE NYS DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION,
BRIAN FISCHER, COMMISSIONER
OF NYS DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION,
GREENE CORRECTIONAL FACILITY,
COXSACKIE CORRECTIONAL FACILITY, and the individuals
DAVID MORSE (in both his official and individual capacity),
JAMES WEEKS (in both his official and individual capacity),
as well as JOHN DOE AND RICHARD ROE (as unknown individual
defendants in both their official and individual capacities)

              Defendants.

**STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A)**

Case No. 12-CV-0397 (LEK/CFH)

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys for plaintiff and defendants, parties to the above entitled-action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

    1.    Plaintiff discontinues this action with prejudice and without damages, costs, interest or attorney fees, other than those identified herein, and discharges and releases Defendants The New York State Department of Corrections and Community Supervision and the State of New York, including its agencies, subdivisions, employees, including, but not limited to

Brian Fischer, Commissioner of NYS Department of Corrections And Community Supervision, Greene Correctional Facility, Coxsackie Correctional Facility, and the individuals David Morse (in both his official and individual capacity), James Weeks (in both his official and individual capacity), as well as John Doe and Richard Roe (as unknown individual defendants in both their official and individual capacities) private contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigations or claims against the defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, or any results of the aforementioned facts, circumstances or incidents.

2. Notwithstanding the above, this agreement does not affect any of Plaintiff's rights or remedies pertaining to the Workers Compensation Law and specifically Plaintiff's current Workers Compensation Matter with File Number YLS8900583 or any other associated Workers Compensation file.

3. Defendants discharge and release Plaintiff from any and all claims, demands, or causes of actions, known or unknown, whether presently asserted or not, which relate in any way to the subject matter of this action.

4. This action is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

5. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment by either party of the validity or the infirmities of any of the allegations, claims or defenses that have been made in this action.

6. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to any generally applicable policy or procedure in the future.

7. Following the execution of this stipulation, and its being ordered by the Court, Defendants shall pay to Plaintiff and her attorney the lump sum of Ten Thousand Dollars ($10,000.00) in full settlement of any and all claims, attorney's fees, and costs. Plaintiff will seek no other payments or reimbursements from any Defendant in this action. There will be two checks issued. The first check will be issued to Plaintiff for the sum of $7,000.00. The second check will be issued to Plaintiff's attorney for the sum of $3000.00. Both checks will be mailed to Plaintiff's attorney Karen L. Kimball, Esq. at 26 West Sand Lake Road, Wynantskill, NY 12198.

8. Payment by Defendants of the amount specified in paragraph 6 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under Section 17 of the New York Public Officers Law, provided that if such approvals are not obtained, this stipulation is void and shall have no force and effect and this case shall be restored to the active calendar of this Court by the Clerk of the Court.

9. Payment of the amounts referenced in paragraph 6 will be made within one hundred and twenty (120) days after the approval of this stipulation by the Court and subsequent receipt by Defendants, of a copy of the so-ordered stipulation.

10. In the event that the terms of paragraph 7 are satisfied, but payment is not made within the 120 day period set forth in paragraph 8, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the one hundred and twenty-first day after court approval.

11. The foregoing constitutes the entire agreement of the parties.

Dated: July 17, 2015

KAREN L. KIMBALL, ESQ.

_____
Bar Roll No. 103673
Attorney for Plaintiff
26 West Sand Lake Road
Wynantskill, NY 12198

Dated: July 22, 2015

LaMarche Safranko Law PLLC

_____
By: Andrew R. Safranko
Bar Roll No. 510803
ars@lamarchesafrankolaw.com
Attorneys for Defendants
1539 Crescent Road
P.O. Box 5437
Clifton Park, New York 12065

Dated: July 27, 2015
Albany, New York

SO ORDERED:

_____
Lawrence E. Kahn
U.S. District Judge